# AFFIDAVIT OF DEPORTATION OFFICER RICHARD J. COLEMAN
# IN SUPPORT OF A CRIMINAL COMPLAINT

I, Richard J. Coleman, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") assigned to the office of the Field Office Director ("FOD"), Boston, Massachusetts, and have been so employed since August of 2002. I am currently assigned to the ERO Criminal Prosecutions ("ECP") unit and have been so since June of 2020. I attended the Immigration Officer Basic Training Course in 2002 and have been employed as a professional immigration officer in a full time, continuous status for approximately 18 years.  I have received training and experience in the enforcement of the immigration laws of the United States and the detection and apprehension of aliens who are in the United States unlawfully. Among other duties, I am assigned to investigate cases involving persons who have illegally reentered the United States after having been deported and other violations of the Immigration and Nationality Act. I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express consent of the

1

Secretary of the Department of Homeland Security after that date.

2. The information contained in this affidavit is based upon information from my investigation as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of some documents from an Alien File #xxx-xxx-764("A-File")associated with a person named Francis Yohan Mateo Guerrero ("Mateo") DOB xx/xx/1989.

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, and as such, it does not necessarily contain every detail I and other law enforcement officers have learned during the course of this investigation, but instead only facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant charging Mateo with a violation of 8 U.S.C. § 1326.

4. On July 17, 2018, ICE officials encountered Mateo, using a false name and identification of a known US citizen, in Lawrence, MA and determined him to be illegally present in the United States. At that time, he was served a Notice to Appear and his matter was referred to the United States Attorney's Office for review.

5. On September 20, 2018, Mateo was charged in this district by Indictment (Docket No. 18-CR-10334-MLW) with making false statements in a Social Security Application, in violation of 18 U.S.C. § 1001; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. On November 19, 2018, following a detention hearing, MJ Cabell ordered Mateo released.

6. On March 6, 2019, while the Indictment was pending, Mateo was removed from the United States to the Dominican Republic. At the time of his removal his fingerprints and photograph were obtained and affixed on a Warrant of Removal (Form I-205).

7. On May 8, 2019, the Government filed a Notice of Dismissal in Docket No. 18-CR-10334-MLW. That motion was allowed by the Court on May 13, 2019.

8. On November 30, 2020, HSI received information that Mateo had unlawfully reentered the United States.

9. On December 8, 2020, Mateo was located by ICE in Lawrence, MA and arrested. Mateo admitted his identity, his prior removal, and that he did not have permission to reenter the United States.

10. On December 9, 2020, I reviewed some of the documents contained in the A-file associated with Mateo. The documents

from the A-File show, among other things, that Mateo is a citizen and national of the Dominican Republic.  The documents from the A-File also contain the 2019 Warrant of Removal, which contains Mateo's fingerprints and photographs. I have reviewed photographs of Mateo from the A-file and the recent photographs of Mateo taken during his December 2020 arrest, and they appear to depict the same individual. I have reviewed the ICE Form I-294, Warning to Alien Ordered Removed or Deported, dated January 28, 2019 and served on Mateo the day he was removed to the Dominican Republic on March 6, 2019. The I-294 states Mateo was banned from re-entering the United States for a period of 10 years.  There is nothing in the A-file which reflects that since his 2019 removal, Mateo sought or received the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

     11. On December 22, 2020, a copy of Mateo's "10-print" fingerprint card from his December 8, 2020 ICE arrest and a copy of the Warrant of Removal from March 6, 2019, were forwarded to the FBI Special Processing Center, which confirmed a positive match.

## CONCLUSION

12. Based on the foregoing facts, there is probable cause to believe that Francis Yohan Mateo Guerrero, a native and citizen of the Dominican Republic, who was deported on March 6, 2019, subsequently re-entered the United States without having received the express consent of the Secretary of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

*/s/ Richard J. Coleman*,
Richard J. Coleman
Sworn telephonically in
Accordance with
Fed.R.Crim.P.41(d)(3)

SUBSCRIBED and SWORN to telephonically in
Accordance with Fed.R.Crim.P.41(d)(3)

On December 28TH , 2020

HONORABLE DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE